UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC   2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

WASHINGTON MUTUAL BANK, F.A.,

    **Plaintiff,**

v.

AMI B. ESKANOS, et al.,

    **Defendant.**

---

No. 1:14-cv-1546 (RCL)

## MEMORANDUM OPINION

Plaintiffs Washington Mutual Bank and, successor in interest, 21st Mortgage Corporation (collectively "plaintiffs") began foreclosure proceedings against defendants, Ami B. Eskanos and Barry B. Eskanos (collectively "the Eskanoses"), in March 2005. Final judgment of foreclosure was entered in the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County on December 9, 2009. In 2014, as foreclosure proceedings were drawing to a close, the Eskanoses removed the case arguing that this Court can take jurisdiction under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821 (2012). Alongside removal, the Eskanoses sought to dismiss the case for lack of standing, jurisdiction, and plaintiffs' failure to file a timely FIRREA claim with the FDIC. Plaintiffs now seek remand of the case because removal was improper and the Court lacks subject matter jurisdiction over the matter. Plaintiffs also seek attorney's fees and costs. For the following reasons, the Court will grant plaintiffs' Motion to remand and allow plaintiffs to submit separate application for attorney's fees and costs.

**I.**     **BACKGROUND**

The Eskanoses executed a loan for $364,000 with Washington Mutual Bank, F.A. ("Washington Mutual") on October 28, 1999. The Eskanoses defaulted on that loan in October 2004. In March 2005, Washington Mutual filed a foreclosure action against the Eskanoses in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, Case No. 05-06570. Emergency Mot. for Remand and Att'y's Fees, Ex. A, ECF No. 5. On December 9, 2009, the Eleventh Judicial Circuit entered a final judgment of foreclosure against the Eskanoses. *Id.*, Ex. C. The Eskanoses appealed and sought relief from judgment, but in December 2010, the Third District Court of Appeals affirmed the final judgment of foreclosure and denied the Eskanoses' motion for relief from judgment. The Eskanoses appealed the final judgment again in October 2011, and the final judgment of foreclosure was affirmed on August 14, 2012. On April 25, 2014, an Order was entered substituting 21st Mortgage Corporation ("21st Mortgage") as party plaintiff. 21st Mortgage filed a Motion to reschedule the foreclosure sale on July 29, 2014.[1]

The Eskanoses removed the case to this Court on September 8, 2014. Notice of Removal, ECF No. 1. The Eskanoses relied on FIRREA, 12 U.S.C. § 1821(d)(6) for removal, arguing that the foreclosure action represents a claim against a failed depository institution, Washington Mutual. Alongside their Notice of Removal, the Eskanoses sought to dismiss the entire action because plaintiffs lacked standing to pursue the foreclosure case in Florida state court, the Florida court lacked subject matter jurisdiction to enter the foreclosure judgment, and plaintiffs failed to timely file a FIRREA claim with the FDIC. The Eskanoses also filed a Motion requesting an Order deeming request for admissions admitted and a Motion to compel on

---

[1] Plaintiffs also identify several cases regarding the same subject matter filed by the Eskanoses in Florida, Ohio, Indiana, and New York. *See* Emergency Mot. for Remand and Att'y's Fees, ¶¶ 7–14, ECF No. 5. The Court, however, does not discuss these cases because they are not relevant for the Court's determination of plaintiffs' Motion for Remand based on 18 U.S.C. §§ 1441, 1446, 1447 (2012).

September 8, 2014. Requesting an Immediate Order Deeming Req. for Admiss. Admitted, Mot. to Compel, ECF No. 2. Plaintiffs filed a Motion for remand and for attorney's fees and costs on September 29, 2014. Emergency Mot. to Remand and for Att'y's Fees and Costs, ECF No. 5. Plaintiffs argue that the notice of removal was not timely and defendants did not unanimously consent to removal.[2] The Eskanoses filed their opposition to the Motion to Remand on October 16, 2014, Mem. in Opp'n, ECF No. 7, and filed a Motion to Amend their Memorandum in Opposition on October 21, 2014, Mot. to Amend Mem. in Opp'n, ECF No. 8.

## II. LEGAL STANDARD

A defendant may remove an action from state to federal court when the action could have originally been brought in federal court. 28 U.S.C. § 1446 (2012). A defendant in a removal action bears the burden of proving federal court jurisdiction, *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 297 (D.D.C. 2005), and fulfilling the necessary procedural prerequisites for removal. Notice of removal must be filed within thirty days after defendants receive a copy of the initial pleading setting forth the claim for relief or a case becomes removable due to amendment or party additions. § 1446(b)(1); *FDS Rest., Inc. v. All Plumbing Inc.*, No. 12-394, 2012 WL 4052847, *1 (D.D.C. Sept. 14, 2012). Additionally, removal to federal court requires a timely demonstration of consent from all defendants who have been properly joined and served in the action. § 1446(b)(2); *Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012). "If that condition is not met, a plaintiff's timely motion for remand will generally be granted." *Hurt*, 869 F. Supp. 2d at 86 (internal citations omitted). Failure to obtain timely unanimous consent for removal is not a curable defect if a plaintiff objects to removal within thirty days. *Id.*

---

[2] Plaintiffs also argued that the Notice of Removal lacked a short and plain statement of the grounds for removal, FIRREA did not provide a basis for removal, the United States had provided statutory consent for state foreclosure actions, and the Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. Emergency Mot. to Remand and for Att'y's Fees and Costs, ECF No. 5. The Court does not decide these matters because it finds that the removal procedure was flawed and remand is appropriate for that reason alone.

(collecting cases). "All doubts about removal should be resolved in favor of remand." *Hurt*, 869 F. Supp. 2d at 86 (citing *Chicago R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247 (1900)).

## III. DISCUSSION

The Eskanoses did not follow proper removal procedure and the case will be remanded. First, the Eskanoses failed to remove their case in a timely manner. The Notice of Removal was filed on September 8, 2014, almost ten years after the case was instituted in Florida state court. The case was removable, if at all, when the Eskanoses were served with the foreclosure complaint in 2005. The Eskanoses have provided no justification for the delayed removal or reason why removal is now appropriate. The Eskanoses chose not to remove the case within the necessary time frame and they may not do so now.

Second, the Eskanoses have not received unanimous consent for removal from all defendants. Barry Eskanos and Ami Eskanos are the only parties to join the removal. Eskanos Enterprises, Washington Mutual,[3] the United States of America, and State Farm Mutual Automobile Insurance Company did not join the Notice of Removal. Further, the Eskanoses have provided no indication whether these defendants fall within an exception to the rule of unanimity. Regardless of whether this Court is able to adjudicate the Eskanoses' FIRREA claim or review the Florida foreclosure proceedings, the removal was defective; "hence, this Court lacks jurisdiction to evaluate the merits of the case." *Hurt*, 869 F. Supp. 2d at 87.

The only outstanding matter is plaintiffs' request for attorney's fees and costs. In this Court, attorney's fees and costs are considered a collateral matter and will be considered upon submission of a separate application. Federal Rule of Civil Procedure 54(d) requires a motion for attorney's fees and costs "must specify the judgment and the statute, rule, or other grounds

---

[3] Washington Mutual is also a defendant to the foreclosure complaint by virtue of a mortgage on the property.

4

entitling the movant to the award." *Id.* (d)(2)(B)(ii); *Hayes v. D.C. Pub. Sch.,* 815 F. Supp. 2d 134, 139 (D.D.C. 2011). Plaintiffs will be allowed to file a motion seeking attorney's fees and costs, and the Court will consider the matter upon receipt. Should they chose to seek attorney's fees and costs, plaintiffs must identify the basis for an award of attorney's fees, *e.g.* 28 U.S.C. § 1927 (2012), as well as the hourly rates sought and fees incurred for preparation and presentation of the Motion for Remand.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand and for Attorney's Fees and Costs will be granted, and Defendants' Motion to Amend their Memorandum in Opposition will be granted. Defendants' Motion Requesting an Immediate Order Deeming Request for Admissions Admitted, Motion to Compel will be dismissed as moot. A separate Order accompanies this Memorandum Opinion.


Signed by Royce C. Lamberth, United States District Judge, on December 18, 2014.