UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL BANK, F.A.,<br><br>Plaintiff,<br><br>v.<br><br>AMI B. ESKANOS, et al.,<br><br>Defendants. | No. 1:14-cv-1546 (RCL) |

## MEMORANDUM OPINION

Now before the Court is defendants Eskanoses' "emergency motion for reconsideration or rehearing, request for relief from mistake, inadvertence or excusable neglect pursuant to Rule 60." ECF No. 12. The Eskanoses also moved to substitute the Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver for Washington Mutual Bank, FA ("Washington Mutual"), in the place of defendant Washington Mutual Bank, FA, ECF No. 13; and to strike all pleadings filed by 21st Mortgage Corporation ("21st Mortgage"), ECF No. 14.

I.  BACKGROUND

Ami B. Eskanos and Barry B. Eskanos executed a loan for $364,000 with Washington Mutual on October 28, 1999. The Eskanoses defaulted on that loan in October 2004. In March 2005, Washington Mutual filed a foreclosure action against the Eskanoses in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, Case No. 05-06570. Emergency Mot. for Remand and Att'y's Fees, Ex. A, ECF No. 5. On December 9, 2009, the Eleventh Judicial Circuit entered a final judgment of foreclosure against the Eskanoses. *Id.*, Ex. C. The Eskanoses appealed and sought relief from judgment, but in December 2010, the Third District Court of Appeals affirmed the final judgment of foreclosure and denied the Eskanoses'

motion for relief from judgment. The Eskanoses appealed the final judgment again in October 2011, and the final judgment of foreclosure was affirmed on August 14, 2012. On April 25, 2014, an Order was entered substituting 21st Mortgage as party plaintiff. 21st Mortgage filed a Motion to reschedule the foreclosure sale on July 29, 2014.

In 2014, as foreclosure proceedings were drawing to a close, the Eskanoses removed the case arguing that because the foreclosure action represents a claim against a failed depository institution, Washington Mutual, this Court could take jurisdiction under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821 (2012). ECF No. 1. Alongside their Notice of Removal, the Eskanoses sought to dismiss the entire action because plaintiffs lacked standing to pursue the foreclosure case in Florida state court, the Florida court lacked subject matter jurisdiction to enter the foreclosure judgment, and plaintiffs failed to timely file a FIRREA claim with the FDIC. The Court subsequently granted plaintiffs' motion to remand on the basis that the Eskanoses failed to follow proper removal procedure: Removal was untimely and the Eskanoses failed to receive unanimous consent from all defendants. The Court retained jurisdiction for the limited purpose of considering a motion for attorneys' fees. ECF No. 10.

In response, the Eskanoses filed their motion for reconsideration or rehearing pursuant to Rule 60, ECF No. 12; along with their motions to substitute the FDIC in its capacity as receiver for Washington Mutual Bank, FA, in the place of defendant Washington Mutual Bank, FA, ECF No. 13; and to strike all pleadings filed by 21st Mortgage, ECF No. 14.

While the Eskanoses fail to allege any error or mistake made by this Court or note by which grounds under Rule 60 they intend to proceed, they nonetheless allege that removal is appropriate.

The Eskanoses argue that because the other defendants were "blocked from the Miami Dade Circuit Court e-service" and were not served any of 21st Mortgage's pleadings, they

mistakenly believed they no longer needed their consent to remove the case. Defs.' Emergency Mot. for Recons. or Rehearing, ECF No. 12 ("Defs.' Mot. for Recons.") at 5. They further allege that they have consent from all the relevant defendants. *Id.* at 6. The defendants originally served in this litigation are the Eskanoses; the United States of America; Eskanos Enterprises; Washington Mutual Bank, FA; State Farm Mutual Automobile Insurance Company ("State Farm"); and David Cohen. *See* Memo. in Support of Mot. to Remand, ECF No. 5, Ex. A (Complaint). Defendant Eskanos Enterprises has subsequently submitted an affidavit indicating its consent to removal. *Id.* Ex. 1 (Aff. of Danny Eskanos). The Eskanoses allege that the "remaining parties are moot." Defs.' Mot. for Recons. at 5. In support of this conclusion, they posit the following:

- Washington Mutual's consent is not required because "the FDIC needs to be substituted for Washington Mutual Bank, FA and by statute consents to removal." *Id.* at 5-6.
- The United States of America's consent is not required because "the IRS's tax liens were resolved, almost resolved, or are expired, but the Government of the United States, consents to the removal by statute." *Id.* at 6.
- State Farm "no longer has any interest as their judgment was vacated." *Id.* at 22.

The Eskanoses do not provide an explanation as to why they believe defendant Cohen's consent was not required.

The Eskanoses also allege for the first time that removal was timely, though without any explanation as to why they failed to argue timeliness in their opposition to the plaintiff's motion to remand.

## II. LEGAL STANDARDS

### A. Rule 60(b)

A court has discretion to grant relief from a final judgment for five enumerated reasons under Rule 60(b)(1)–(5), and for "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b).[1] "'[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (alteration in original) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure[.]" *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011); *see also Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009)). "[T]he moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). Finally, "the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995).

### B. Removal

A defendant may remove an action from state to federal court when the action could have originally been brought in federal court. 28 U.S.C. § 1446 (2012). A defendant in a removal action

---

[1] The five enumerated reasons include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)–(5).

4

bears the burden of proving federal court jurisdiction, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921), and fulfilling the necessary procedural prerequisites for removal. Notice of removal generally must be filed within thirty days after defendants receive a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1); *FDS Rest., Inc. v. All Plumbing Inc.*, No. 12-394, 2012 WL 4052847, *1 (D.D.C. Sept. 14, 2012). However, if the case stated by the initial pleading was not removable, "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Additionally, removal to federal court requires a timely demonstration of consent from all defendants who have been properly joined and served in the action. 28 U.S.C. § 1446(b)(2); *Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012). "If that condition is not met, a plaintiff's timely motion for remand will generally be granted." *Hurt*, 869 F. Supp. 2d at 86 (internal citations omitted). Failure to obtain timely unanimous consent for removal is not a curable defect if a plaintiff objects to removal within thirty days. *Id.* (collecting cases). "All doubts about removal should be resolved in favor of remand." *Hurt*, 869 F. Supp. 2d at 86 (citing *Chicago R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)).

### III. DISCUSSION

The Eskanoses' memorandum fails to identify which subsection of Rule 60(b) they believe permits reconsideration or rehearing. However, their motion is entitled "emergency motion for reconsideration or rehearing, request for relief from mistake, inadvertence, or excusible [sic] neglect pursuant to rule 60." Defs.' Mot. for Recons. at 1. The Eskanoses also note that "[n]ew grounds exist since the execution of this Court's order, as the Defendant has filed herewith a

Motion to Substitute the FDIC as Receiver For Washington Mutual Bank, FA in the Stead of Washington Mutual Bank, FA and the order of this court had some doubt about consent to remove which is resolved by the attached affidavit." Defs.' Mot. for Recons. at 3. Therefore the Court assumes that the Eskanoses intend to proceed under Rule 60(b)(1) and/or (2), although it is largely left guessing as to why.

### A. Consent of Defendants

The Eskanoses seem to argue that their failure to obtain consent of the other defendants is excusable neglect for two reasons: (1) 21st Mortgage has not served any of the other defendants with pleadings in this action other than Barry and Ami Eskanos; and (2) all other defendants have been removed from the court system and may not e-file pleadings related to the case. Defs.' Mot. for Recons. at 5. As such, the Eskanoses "mistakenly believed they no longer needed their consent to remove the case." *Id.*

The Court finds this argument unavailing. The non-consenting defendants were served with the complaint in this case and as far as this Court is aware, remained interested parties in the litigation. It is irrelevant whether they were served with subsequent papers. Indeed, the Eskanoses' sole evidence that other defendants were not served appears to be a court order from a *different* case in which the Eskanoses brought suit against Washington Mutual Bank, FA—and *only* Washington Mutual Bank, FA, as far as this Court can tell. It is further unclear whether the Eskanoses allege that the other defendants were actually terminated from the case or merely removed from the court system as a clerical error. Regardless, they present no evidence of any termination that affected the legal status of the defendants, and a clerical error could not alter the defendants' status in this case. The Eskanoses should have known that they needed the consent of these parties. At a minimum, they should have at least explained to the Court in their initial

opposition to remand why the consent of the other defendants was not necessary. The Eskanoses have not established the sort of "extraordinary circumstances" that warrant relief from a final judgment. *Schoenman*, 857 F. Supp. 2d at 80 (quoting *Niedermeier*, 153 F. Supp. 2d at 28).

Furthermore, reconsideration of our earlier opinion would be a futile gesture, *see Murray*, 52 F.3d at 355, because even the Eskanoses new, updated argument fails to establish that removal is proper in this case. The Eskanoses argue that the other defendants to this action are "moot" by virtue of their inactivity in the litigation, but there is no such exception to the unanimous consent requirements of Section 1446(b). Similarly, the Eskanoses fail to provide any support for their statement that the United States of America consents by statute to removal in this case. Nor do the Eskanoses point to any legal basis for their assertion that a defendant judgment creditor whose liens have been satisfied need not consent to removal—or provide any evidence showing that the liens identified in the complaint were actually satisfied. Furthermore, this Court may not substitute parties to a lawsuit before determining that it may in fact exercise jurisdiction in the case: Washington Mutual's consent is required so long as it remains a party to the state court litigation. Finally, the Eskanoses do not even attempt to explain why Mr. Cohen's consent is not required for removal.

### B. Timeliness

The Eskanoses also argue that removal was in fact timely—or even early, but they fail to allege grounds under which the decision should be reconsidered. 21st Mortgage explicitly argued in its motion to remand that the notice of removal was not timely filed. Pl.'s Emergency Mot. to Remand and for Attorney's Fees and Costs, ECF No. 5-1 at 6-7. The Eskanoses "provided no justification for the delayed removal or reason why removal is now appropriate." Mem. Op. at 4,

7

ECF No. 10.[2] The Eskanoses do not now provide any explanation for their failure to argue the timeliness of their motion, although it was their burden to do so, and the Court sees no grounds for relief under Rule 60(b).

Even if the Court were to reconsider the issue of timeliness, the Eskanoses have not met their burden to show removal was timely. It is indisputable that the Eskanoses did not remove the action within thirty days of receipt of the initial pleading pursuant to 28 U.S. Code Section 1446(a). However, because it does not appear that the case plead in the initial complaint was removable, the Eskanoses the notice of removal would have been timely if it had been filed within thirty days after receiving, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it could first be ascertained that the case had become removable. *See* 28 U.S.C. § 1446(b)(3).

The Eskanoses argue that this case is removable pursuant to FIRREA, which provides federal court jurisdiction for claims against failed financial institutions for which the FDIC is appointed receiver. However, the Eskanoses were aware as early as December 2013 that the FDIC was the receiver for Washington Mutual. Defs.' Mot. for Recons. at 3 (quoting the FDIC's statement that it was the receiver for Washington Mutual). Even assuming (as the Eskanoses claim) that the FDIC disclaimed all interest in the property at issue until July 2014: Washington Mutual remained a party in the litigation and the Eskanoses were fully aware that it was under the receivership of the FDIC. The Eskanoses nonetheless took no steps to remove the case until August 2014, including filing any claims with the FDIC.

---

[2] The Eskanoses did argue—correctly—that jurisdictional defects can be raised at any time and are never time-barred. However, while they may raise the question of the state's subject matter jurisdiction over the case at any point in that litigation, removal to this Court must be timely.

## C. State Court's Jurisdiction

While this Court's inquiry ends here, it is worth briefly addressing another issue raised by the Eskanoses, given the fervor with which they have pursued it.[3] The Eskanoses make several allegations that they believe are relevant to the question of removal. For example, the Eskanoses argue that when the FDIC was appointed receiver for Washington Mutual in 2008, the state court lost its jurisdiction pursuant to FIRREA, and therefore the case *must* be removed to this Court. But this conclusion does not follow. If the Eskanoses believe the state court lacks jurisdiction, they must raise that issue before the state court, and if necessary, on direct appeal. Because in any event the Eskanoses have failed to properly remove the case, this Court has no jurisdiction to make such determinations. There is simply no legal basis for this Court to do as the Eskanoses wish.

---

[3] *See, e.g.*, Defs.' Notice of Removal, ECF No. 1; Defs' Mot. Requesting an Immediate Order Deeming Request for Admissions Admitted, ECF No. 2; Defs.' Mem. in Opp'n to Emergency Mot. to Remand to State Court and for Attorney's Fees and Costs, ECF No. 7; Defs.' Mot. to Amend Mem. in Opp'n, ECF No. 8; Defs.' Mot. for Recons. or Rehearing, Request for Relief from Mistake, Inadvertence, or Excusible [sic] Neglect Pursuant to Rule 60, ECF No. 12; Defs.' Mot. to Substitute Federal Deposit Insurance Corporation ("FDIC") in its Capacity as Receiver for Washington Mutual Bank, FA, in the Place and Stead of Defendant Washington Mutual Bank, FA-F.R.C.P. Rule 25, ECF No. 13; Defs.' Mot. to Strike Sham Pleadings Filed by Non-Party 21st Mortgage Federal Rule of Civil Procedure Rule 11, 12(f), ECF No. 15, 20; Defs.' Reply to Pl.'s Opp'n to Mot. for Recons., ECF No. 18; Defs.' Reply to Opp'n to Mot. to Substitute, ECF No. 19; and Defs.' Reply to Opp'n to Mot. to Strike, ECF No. 25.

## IV. CONCLUSION

Because the Eskanoses have failed to demonstrate the sort of "extraordinary circumstances," *Schoenman v. FBI*, 857 F. Supp. 2d at 80, which justify "unusual measures" such as relief under Rule 60(b), *Cornish*, 813 F. Supp. 2d at 148, the Eskanoses' motion to reconsider will be denied. Furthermore, reconsideration would be a futile gesture since the Eskanoses *still* fail to satisfy the conditions necessary for removal—even assuming removal would be proper in any event.

A separate order consistent with this Opinion shall issue on this date.

Signed by Royce C. Lamberth, United States District Judge, on August 12, 2015.